IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

FILED
FEB 20 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| AMBER IBARRA | § § | |
| Plaintiff | § § | |
| v. | § § § | No. MO-10-CA-113 |
| UNITED PARCEL SERVICE, INC. (OHIO) | § § § | |
| Defendant | § § | |

## THE COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

## 2B
## DUTY TO FOLLOW INSTRUCTIONS
### (Corporate Party Involved)

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

## CONSIDERATION OF THE EVIDENCE, ETC.
### Corporate Party - Agents & Employees

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of the authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and

reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## EVIDENCE-DIRECT-INDIRECT OR CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of the case. One is direct evidence - such as the testimony of an eye-witness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all evidence in the case, both direct and circumstantial.

## **CREDIBILITY OF WITNESSES**

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to a Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## EXPERT WITNESSES

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

## **BURDEN OF PROOF**

(Generally)

The burden is on the Plaintiff in a civil action such as this to prove every essential element of her claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant.

## TITLE VII - SEX DISCRIMINATION

Title VII of the Civil Rights Act of 1964 makes it illegal for an employer to discriminate against an employee on the basis of sex. In this case, Plaintiff Amber Ibarra claims that she was discharged from her employment with Defendant United Parcel Service because of her sex (female). Defendant United Parcel Service admits that it discharged Ibarra, but insists that its decision was based on legitimate, non-discriminatory reasons.

The fact that Plaintiff Ibarra is a woman and that she was discharged from her position is not sufficient in and of itself to establish her claim of discrimination. Instead, she has the burden of proving by a preponderance of the evidence that the Defendant's decision to terminate her employment was motivated, at least in part, by the fact that she is a woman. If the Defendant's decision to discharge her was based on reasonable factors other than sex, you must find for the Defendant as to that claim. The Defendant's reasons need not be ones with which you agree, or on which you would act, but they must be non-discriminatory.

Because the Defendant has produced evidence of legitimate, non-discriminatory reasons for its action, in order to sustain her burden of proof, the Plaintiff must convince you by a preponderance of the evidence that the reasons offered by the Defendant are not the true reasons, but are merely a pretext or cover-up for

discrimination. In this connection the fact that Plaintiff Ibarra is a woman need not have been the only factor in the decision to discharge her, but it must be one that made a difference.

## COMPENSATORY DAMAGES

If you find from a preponderance of the evidence that Defendant United Parcel Service discriminated against Amber Ibarra because of her sex in terminating her employment, she is entitled to recover money damages for the injuries caused by the discrimination. You must determine an amount that is fair compensation for the Plaintiff under the circumstances. You may award compensatory damages only for injuries which the Plaintiff proves were caused by the Defendant's alleged sex discrimination.

If you find that the Plaintiff is entitled to recover damages, then you may consider the following elements of damages and no others:

1. Economic loss, including back pay and benefits.
2. Mental anguish and emotional distress, if any, that the Plaintiff experienced as a consequence of Defendant's actions.

No evidence of the monetary value of such intangible things as mental anguish and emotional distress need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you do make should be fair in light of the evidence presented in the trial.

In determining the amount of any damage award, you should be guided by dispassionate common sense. You must use sound

discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the Plaintiff prove the amount of her loss with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

## DUTY TO MITIGATE DAMAGES

Defendant UPS contends that Ms. Ibarra had a duty to mitigate her damages, and that she failed to do so. This is an affirmative defense. The Defendant has the burden of proving by a preponderance of the evidence the availability of "substantially equivalent employment" positions; that the Plaintiff failed to use reasonable diligence in seeking those positions; and the amount by which her damages were increased as a result of her failure to exercise such reasonable diligence. The reasonableness of her diligence should be evaluated in light of her individual characteristics as well as the overall job market at the time.

The term "substantially equivalent employment" means a job with virtually identical opportunity for promotion, compensation, job responsibilities, working conditions, and status as the job with UPS which the Plaintiff lost. She was not obligated to accept a job which was dissimilar to the one she lost, one that would have been a demotion, or one that would have been demeaning to her.

## **AFTER ACQUIRED EVIDENCE**

Defendant UPS contends that even if Ms. Ibarra had not been discharged on July 6, 2009, it would have terminated her employment no later than March 10, 2011, because she allegedly removed and copied employment records of other UPS employees without authorization. If you find from a preponderance of the evidence that Ms. Ibarra committed those acts, and if you further find that UPS would have terminated her employment on those grounds, independent of any motive to discriminate against her on the basis of her sex, you should award no damages for the time period after March 10, 2011.

## **PUNITIVE DAMAGES**

If you find that Defendant United Parcel Service intentionally discriminated against Amber Ibarra, the law allows you, but does not require you, to award punitive damages. The purpose of an award of punitive damages is first, to punish a wrongdoer for misconduct, and second, to warn others against doing the same.

In this case, you may award punitive damages if you find that the Defendant engaged in a discriminatory practice with malice or reckless indifference to the rights of the Plaintiff to be free from such intentional discrimination.

If you determine from the evidence in this case that the Defendant's conduct justifies an award of punitive damages, you may award an amount of punitive damages which all jurors agree is proper. If you do award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy for or dislike of any party in the case.

## DUTY TO DELIBERATE

### (When Only the Plaintiffs Claim Damages)

Of course, the fact that I have given you instructions concerning the issue of plaintiffs' damages should not be interpreted in any way as an indication that I believe the plaintiffs should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**VERDICT FORMS**

Upon retiring to the jury room you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesperson here in Court.  A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreman fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.