IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AMBER IBARRA | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. MO-10-CA-113 |
| | § | |
| UNITED PARCEL SERVICE, INC. | § | |
| (OHIO) | § | |
| | § | |
| Defendant | § | |

## ORDER REGARDING DEFENDANT'S MOTION FOR REMITTITUR OF DAMAGES

On March 29, 2013, the Court entered a Judgment in accordance with the verdict of the jury.  On April 26, 2013, Defendant United Parcel Service filed a motion for remittitur of damages (Docket No. 110).  The Court, having considered the motion, finds that it should be denied.

The Judgment (Docket No. 102) awarded the following damages to Plaintiff Ibarra: $150,000 for past economic loss; $28,409 for future economic loss ("front pay"); $150,000 for mental anguish and emotional distress; and $150,000 as punitive damages.  The Defendant's motion for remittitur is silent as to the awards for past and future economic loss.  It takes aim only at the awards for mental anguish and emotional distress and punitive damages.

With respect to mental anguish and emotional distress, these elements of damage are intangible and subjective.  Although experts sometimes testify in regard to these injuries, the law does not require a plaintiff to produce expert testimony.  However, the law does require two things: (1) a specific discernible injury to the plaintiff's emotional state, and (2) competent evidence of the

injury which is more than vague or speculative.  **Giles v. General Electric Company**, 245 F.3d 474, 488 (5th Cir. 2001).

Plaintiff Ibarra testified that she loved her job at UPS, and when she lost that job she was "heartbroken" and suffered "emotional trauma."  Prior to her discharge, Ms. Ibarra had been the primary breadwinner in the family, and as months went by with no income, her distress grew worse.  She experienced marital stress, difficulty in sleeping, and excessive eating (she gained 60 pounds).  She consulted a doctor, was offered antidepressants, but declined because of her aversion to drug use.  Her husband, Miguel (Mike) Ibarra testified that he had observed the Plaintiff's symptoms of depression, loss of sleep, and weight gain following her discharge.  The Plaintiff's mother, Beverly Franco, offered an additional insight: that the Plaintiff went through a period of mourning following her discharge, and experienced the traditional five stages of grief.  For example, Ms. Franco observed depression and frequent crying spells or outbursts of anger.  She observed the Plaintiff's weight gain, and also observed an extreme reluctance on her part to leave her house to go anywhere.  In short, the testimony of Ms. Ibarra herself, as amplified by the testimony of these other witnesses, was sufficient to support an award of damages for mental anguish and emotional distress.  The jury's award in this case did not exceed the maximum amount which a reasonable jury could have awarded in the light of the evidence presented.  The Court declines to substitute its judgment for that

2

of the jury.  Accordingly, remittitur is denied.

The Defendant also challenges the award of punitive damages in the amount of $150,000.[1] Defendant UPS is protesting the award of any punitive damages to the Plaintiff, as well as contending that the amount is excessive.  As to the first contention, however, the Court finds that the evidence was sufficient to raise a fact question as to whether the Defendant acted with reckless indifference to the Plaintiff's right to be free from intentional discrimination.  In its verdict, the jury decided that fact question in favor of the Plaintiff.  As to the amount of punitive damages, the Court observes that $150,000 equals the amount awarded to the Plaintiff for past economic loss, without considering mental anguish or emotional distress.  A punitive damage award which is less than the total amount of actual damages is not unreasonable.

IT IS THEREFORE ORDERED that the Defendant's motion for remittitur of damages (Docket No. 110) be, and it is hereby, DENIED.

SIGNED AND ENTERED this 28th day of June, 2013.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The jury's award of $300,000 in punitive damages was reduced to $150,000 by the Court through application of the so-called statutory cap imposed by statute.  42 U.S.C. § 1981a(b)(1).  When resolving a claim that a jury award is excessive, the Court considers only the amount of the award after application of the statutory cap.  **Salinas v. O'Neill**, 286 F.3d 827, 830 n. 3 (5th Cir. 2002); **Giles**, 245 F.3d at 487.