IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| AMBER IBARRA | § |
| | § |
|     Plaintiff | § |
| | § |
| v. | §  NO. MO-10-CA-113 |
| | § |
| UNITED PARCEL SERVICE, INC. | § |
| (OHIO) | § |
| | § |
|     Defendant | § |
| | § |

### ORDER REGARDING MOTION FOR ATTORNEYS' FEES

Plaintiff Amber Ibarra filed this civil action for damages under 42 U.S.C. § 1983. On February 20, 2013, a jury returned a verdict in favor of Plaintiff and awarded damages. The judgment entered on March 29, 2013, reflected that award of damages, and ordered Defendant United Parcel Service, Inc. to pay the costs of suit and reasonable attorneys' fees. Counsel for Plaintiff have submitted an application for attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).[1] Defendant has raised a variety of objections. This matter is now ripe for decision.

---

[1] Plaintiff also filed a bill of costs pursuant to 28 U.S.C. § 1920 (Docket No. 115), which this Court addressed in a separate Order (Docket No. 145). In Title VII cases, 42 U.S.C. § 2000e-5(k) expands the power of the courts to award costs beyond what is provided in Section 1920.

1

I. Attorneys' Fees

A court may, in its discretion, allow a prevailing party in a Title VII suit to recover reasonable attorneys' fees and costs. **Id.** The determination of reasonable attorneys' fees by the Court involves a two-step procedure. **Louisiana Power & Light Co. v. Kellstrom,** 50 F.3d 319, 323-325 (5th Cir. 1995), **cert. denied sub. Nom. Comstock v. Louisiana Power & Light Co.,** 515 U.S. 862 (1995). First, the Court must determine the reasonable number of hours expended by counsel in connection with the litigation and the reasonable hourly rate charged by lawyers in the community. **Id.** at 324; **Hensley v. Eckerhart,** 461 U.S. 424, 433 (1983). Next, the Court must multiply the reasonable hours by the reasonable hourly rate. **Blum v. Stenson,** 465 U.S. 886, 888 (1984); **Brantley v. Surles,** 804 F.2d 321, 325 (5th Fir. 1986). The product of this multiplication is the base fee or "lodestar" which the Court then may either accept or adjust upward or downward, depending on the circumstances of the case. **Johnson v. Georgia Highway Express, Inc.,** 488 F.2d 714 (5th Cir. 1974) (the **Johnson** factors).

In the present case, Plaintiff has requested an attorneys' fee award of $186,634.00, broken down as follows: (1) 422.9 hours of work performed by attorney Holly Williams at a rate of $375 per hour; (2) 63.58 hours of work performed by attorney

Brian Carney at a rate of $300 per hour; (3) 40.05 hours of work performed by paralegal Kayla Sheen at a rate of $125 per hour; and (4) 41.75 hours of work performed by paralegal Rachel Tercero at a rate of $95 per hour. The Court finds that the number of hours is reasonable, but the hourly rates require further review.

The first factor in the lodestar calculation is the number of hours reasonably spent on the case. The fee applicant has the burden of demonstrating that the number of hours is reasonable. To determine the number of hours reasonably expended on a case, Plaintiff must show that billing judgment was exercised. **Walker v. HUD**, 99 F.3d 761, 769 (5th Cir. 1996). Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. **Id.** The Court finds that counsel for Plaintiff have demonstrated billing judgment in their application for fees. Specifically, counsel did not charge 6.2 hours of travel time nor 18.8 hours for work that was duplicative and/or did not require sufficient discretion. In addition, the Court has reviewed each billing entry and the descriptions submitted by Plaintiff and finds that the hours claimed are reasonable.

The second factor in the lodestar calculation is the hourly rate. Reasonable hourly rates are determined by looking to the

prevailing market rates in the relevant legal community for similar services by attorneys of reasonably comparable skills, experience, and reputation. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.

Ms. Williams seeks reimbursement at a rate of $375, which she claims is her usual billing rate. Mr. Carney seeks reimbursement at a rate of $300, which he claims is his usual billing rate. Ms. Williams is a Board Certified attorney, and both attorneys have approximately 20 years of experience practicing law. To establish the reasonableness of the attorneys' hourly rates, Plaintiff has provided the affidavits of Stephen R. Brannan and Susan Richardson, two attorneys who practice law in the Midland-Odessa area. Defendant requests that the Court strike these affidavits because Plaintiff did not designate Mr. Brannan or Ms. Richardson as experts in her Rule 26 disclosures. The Court finds that Plaintiff's failure to disclose these experts was harmless and will not strike the affidavits.[2] Defendant asserts that a reasonable hourly rate for both attorneys is $235. In support of its proposed hourly rate,

---

[2] The Court does note, however, that in her Answers to Interrogatories Plaintiff stated that the hourly rate for both attorneys was expected to be $325 and the hourly rate for both paralegals was expected to be $125. See Defendant's Exhibit B, p. 9.

Defendant cites the State Bar of Texas's 2011 Hourly Fact Sheet. The Fact Sheet indicates that state-wide, the median hourly rate for a lawyer practicing labor and employment law is $243.00. **See** Defendant's Objection to Plaintiff's Motion for Attorneys' Fees, Exhibit C, Docket No. 127, p. 7. The median hourly rate for an attorney in West Texas is $203 and for a solo practitioner in the West-Texas region is $227.00. **Id.** at pp. 10, 13. Defendant contends that because both attorneys are solo practitioners in labor and employment law in the West Texas region, the hourly rate should be $235. The Court agrees that the State Bar survey is relevant, but concludes that Ms. Williams is entitled to a "premium" by virtue of her status as a certified specialist in employment law. An hourly rate of $325 is reasonable for her services, while $275 is a reasonable hourly rate for Mr. Carney.

Plaintiff requests an hourly rate of $125 for paralegal Kayla Sheen and an hourly rate of $95 for paralegal Rachel Tercero. Plaintiff contends that Ms. Sheen is certified and has more experience than Ms. Tercero. To establish the reasonableness of these hourly rates, Ms. Williams has provided an affidavit stating that her firm customarily bills clients at these rates. Defendant asserts that a reasonable hourly rate for both paralegals is $75. In support of its proposed rate, Defendant cites case law awarding hourly paralegal rates between

$60 and $125 for paralegal services. See **Coach Inc. V. Couture,** No. SA-10-CV-610, 2012 WL 3249470, at *2 (W.D. Tex. Aug. 7, 2012) (reviewing a number of cases in Texas federal district courts and awarding an hourly paralegal rate of $90). In light of existing case law, the Court finds that an hourly rate of $90 for both paralegals is a reasonable rate.

Having determined the lodestar figure, the Court must next consider whether any upward or downward adjustment should be made. Plaintiff asserts that a lodestar enhancement in the range of 10 to 25 percent should be applied to the hours of Ms. Williams and Mr. Carney. The Court disagrees. The lodestar is presumptively reasonable and should be modified only in extreme cases. **City of Burlington v. Dague,** 505 U.S. 557, 562 (1992). In determining whether to modify the lodestar, the Court should only consider the **Johnson** factors that were not considered in the original calculation of the lodestar amount. The experience, reputation and ability of Plaintiff's attorneys have been recognized in the hourly rate, as have the complexity of the case, the time and labor it required, and the relationship with the client. Consequently, Plaintiff is not entitled to an enhancement of the lodestar. The Court finds that Plaintiff should be awarded attorneys' fees in the amount of $162,289.

**II. Costs Pursuant to 42 U.S.C. § 2000e-5(k)**

Plaintiff also requests $13,363.11 for various costs associated with the litigation. Section 1920 of Title 28 provides an enumerated list of items that a court may tax as costs including: fees of the clerk; fees of the court reporter; fees for printing and witnesses; fees for copies necessary for use in the case; docket fees; and compensation for court appointed experts. 28 U.S.C. § 1920 (2005).[3] In Title VII cases, 42 U.S.C. § 2000e-5(k) expands the power of the courts to award costs beyond what is provided in Section 1920. Section 2000e-5(k) has been interpreted to include the power to award "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services, such as postage, photocopying, paralegal services, long distance telephone charges, and travel costs." **Mota v. The Univ. of Tex. Houston Health Science Cntr.**, 261 F.3d 512, 529 (5th Cir. 2001) (internal citations and quotations omitted).

Plaintiff requests to be reimbursed for the following out-of-pocket expenses: (1) $3500.00 for expert witness fees; (2) $145.99 for postage; (3) $1,709.00 for computer research; (4) $371 for travel to San Antonio for a deposition; (5) $1,886.59

---

[3] The Court has addressed Plaintiff's requests for these items in its Order Regarding Plaintiff's Bill of Costs (Docket No. 145).

7

for travel to New Orleans for oral argument[4]; (6) $84.04 for meals involving business discussions. The Court will address each in turn.

First, the fees of expert witnesses are recoverable under 42 U.S.C. § 2000e-5(k). Plaintiff has provided three invoices totally $3,500.00 from the Ph.D. Resource Group, L.L.C. of Lubbock, Texas. Although Counsel did not favor the Court with details, these fees appear to have been charged by Dr. Bradley Ewing, a professor at Texas Tech University. Dr. Ewing, an economist, gave trial testimony regarding Ms. Ibarra's economic damages. The fees charged for his services, although substantial, are not unreasonable.

Second, the cost of postage constitutes an out of pocket expense. **Id.** Plaintiff has provided an affidavit stating that the postage costs were actually and necessarily expended. The Court will award **$145.99** for postage.

Third, Plaintiff contends that computer research costs are recoverable because they are the type of expenses ordinarily charged to fee-paying clients. However, Plaintiff cites no authority for this contention. The Court will not award **$1,709.00** for computer research.

---

[4] Oral argument in the Court of Appeals, not this Court.

Fourth, Plaintiff requests reimbursement for two trips. Travel costs constitute reasonable out-of-pocket expenses. **Id.** With respect to the trip to San Antonio, Plaintiff requests reimbursement for mileage only and not the hotel. The mileage was calculated at 675 miles round trip at $0.55 per mile, the rate approved by the Internal Revenue Service. The Court will award **$371.00** for travel costs. Plaintiff also requests reimbursement for a trip to New Orleans for oral argument. This request relates to Plaintiff's previous appeal of an Order granting summary judgment, in which the Court of Appeals mandated that each party bear its own costs. **See** Judgment, Docket No. 37. That is the law of the case, and Plaintiff is not entitled to recover this travel expense.

Finally, Plaintiff requests reimbursement for two lunches. Attorney meals are not taxable costs under Section 2000e-5(k). **See Nassar v. Univ. of Tex. Sw. Med. Ctr.**, No. 3:08-CV-1337, 2010 WL 3000877, at *7 (N.D. Tex. July 27, 2010), *aff'd in part, vacated in part, and remanded*, **Nassar v. Univ. of Tex. Sw. Med. Ctr.**, 674 F.3d 448 (5th Cir. 2012), *vacated and remanded on other grounds*, **Univ. of Tex. Sw. Med. Ctr. v. Nassar**, __U.S.__, 81 L.W. 4514 (2013) (denying reimbursement for meals in application for costs brought pursuant to Section 2002-5(k)). The Court will not award **$84.04** for meals.

9

Consequently, the Court will award **$4,016.99** for out of pocket expenses that are not taxable costs under Section 1920.

It is therefore ORDERED that Plaintiff Amber Ibarra do have and recover of and from Defendant United Postal Service, Inc. her reasonable attorneys' fees in the amount of one hundred sixty-two thousand two hundred eight-nine and 00/100 dollars ($162,289.00) and costs pursuant to 42 U.S.C. § 2000e-5(k) in the amount of four thousand sixteen and 99/100 dollars ($4,016.99), for all of which let execution issue.

SIGNED AND ENTERED THIS 9th day of July, 2013.

*/s/ Harry Lee Hudspeth*
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE